**FILED**
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

OCT 1 4 2003

KENNETH S. GARDNER, CLERK
PS REP: = LS

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NATIONAL STEEL CORPORATION, *et al.*, | ) | Case Nos. 02-08697 |
| | ) | through 02-08738 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Honorable John H. Squires |
| | ) | |
| | ) | Hearing Date: October 23, 2003 |
| | ) | Hearing Time: 8:30 a.m. |
| | ) | Objection Deadline: At Hearing |

## NOTICE OF MOTION AND REQUESTED HEARING

PLEASE TAKE NOTICE that on **Thursday, October 23, 2003**, at the hour of 8:30 a.m., or as soon thereafter as counsel may be heard, we shall appear before the Honorable John H. Squires, Bankruptcy Judge for the United States Bankruptcy Court for the Northern District of Illinois, 219 South Dearborn Street, Room 680, Chicago, Illinois, or before such other judge as may be sitting in his place and stead, and shall then and there present the **Motion of Huron Valley Steel Corporation to Compel Payment of Postpetition Rent and for Other Relief** (the "Motion").

PLEASE TAKE FURTHER NOTICE that the Motion includes a request that (i) the Court hear the Motion on the merits at the hearing currently scheduled for **Thursday, October 23, 2003, at 8:30 a.m. Central (Chicago) time** (the "Hearing") and (ii) that parties be permitted to file objections prior to, or to assert objections orally at, the Hearing.

DATED: October 14, 2003

HURON VALLEY STEEL CORPORATION

By: _____
One of its Attorneys

Faye B. Feinstein (ARDC No. 06186627)
Christopher Combest (ARDC No. 06224701)
QUARLES & BRADY LLP
Citicorp Center
500 West Madison Street, Suite 3700
Chicago, Illinois 60661
(312) 715-5000

QBCHI\352416.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
OCT 14 2003
KENNETH S. GARDNER, CLERK

| | |
|---|---|
| In re: | Chapter 11 |
| NATIONAL STEEL CORPORATION, et al., | Case Nos. 02-08697 through 02-08738 |
| Debtors. | (Jointly Administered) |
| | Honorable John H. Squires |
| | Hearing Date: October 23, 2003 |
| | Hearing Time: 8:30 a.m. |
| | Objection Deadline: At Hearing |

## MOTION OF HURON VALLEY STEEL CORPORATION TO COMPEL PAYMENT OF POSTPETITION RENT AND FOR OTHER RELIEF

Huron Valley Steel Corporation ("Huron"), through its attorneys, hereby moves for an Order, pursuant to 11 U.S.C. §§365(d)(3), compelling Debtors to immediately pay certain amounts accrued and owed from and after the Petition Date through the Rejection Date (as defined below), as follows:

### Background

1. National Steel Corporation ("NSC"), as lessee, and Huron, as Lessor, are parties to that certain Lease (the "Master Lease"), dated June 5, 1987, as subsequently amended on December 14, 1990, February 20, 1997, and May 19, 1997, for certain real property located at 1745 Fritz Drive, Trenton Commerce Park, Trenton, Michigan (the "Premises").

2. On March 6, 2002 (the "Petition Date"), NSC and certain of its affiliates (collectively, "Debtors") filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§101 et seq. (the "Code"). On the Petition Date and at the request of the Debtors, the Court entered an order authorizing the joint administration of the Debtors' chapter 11 cases.

QBPHX\1783467.4

3. On May 20, 2003, NSC completed the sale of its principal steel making assets to United States Steel Corporation ("US Steel"). As an accommodation to the Debtors, Huron agreed to allow the Debtors to occupy the Premises until the final transition to US Steel was effected. The Debtors and Huron executed a Stipulation and Agreed Order (Docket No. 2876) which was entered by the Court on September 2, 2003 (the "Agreed Order"). A copy of the Agreed Order is attached hereto. The Agreed Order provides that the Effective Date of the rejection of the Master Lease (the "Rejection Date") is the later of (a) August 31, 2003 and (b) the date on which National Steel returned possession of the Premises to Huron. Since possession of the Premises was returned to Huron on August 31, 2003, the Rejection Date, pursuant to the Agreed Order, is August 31, 2003.

4. The Agreed Order further provides that "the Debtors agree to satisfy all of their postpetition obligations under the Master Lease through the effective date of rejection, including, without limitation, paying rent and other charges, including real estate taxes." Agreed Order at 2-3.

5. Section 7.01 of the Master Lease provides that

> Tenant agrees to pay directly to the appropriate taxing authority during the Lease term hereof, as they become due and before any penalty or interest arise thereto, all taxes and assessments, general and special, and all other government impositions which may be levied upon said premises or any part thereof, until the termination of the original term and of any extended term of this Lease.

Master Lease § 7.01, p.12

6. Notwithstanding the specific provisions of the Agreed Order – to which the Debtors consented – and the mandate of Code §365(d)(3), Debtors have failed to timely make the payments required under the Master Lease. Specifically, the Debtors are obligated to Huron for postpetition, pre-rejection amounts as follows: (i) $129,482.89 for 2002 taxes due July 1,

QBPHX\1783467.4                                    - 2 -

2002, and December 1, 2002, with penalties and interest through October 31, 2003; and (ii) $65,190.46 for 2003 real property taxes due July 1, 2003. Accordingly, the Debtors are currently obligated to Huron in a total amount of $194,673.35, plus accrued and accruing costs, interest, late fees, and attorneys' fees for postpetition, pre-rejection amounts due and owing under the Master Lease through the Rejection Date (the "Postpetition Claim").

7. Huron reserves the right to amend the amount of the Postpetition Claim as interest, fees, and costs continue to accrue.

8. Moreover, notwithstanding multiple communications from Huron, Debtors failed to pay postpetition rent for June, July, and August 2003 until October 11, 2003, and, then, only after Huron made Debtors aware that it was preparing this Motion.

9. The Debtors reaped the benefits of the Master Lease, but have failed to comply with their obligations. Accordingly, Huron respectfully requests that this Court enter an order compelling the payment of the Postpetition Claim.

### Legal Authority for Requested Relief

10. Code §365(d)(3) provides that:

> [t]he trustee [or debtor in possession under Code §1107] shall timely perform all the obligations of the debtor . . . arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of [the Code].

11. The effect of Code §365(d)(3) is to mandate "immediate payment of postpetition lease obligations", regardless of the estate's solvency, and to exempt them from the usual tests applied to assertions of administrative priority. *Omni Partners, L.P. v. Pudgie's Dev. of NY, Inc. (In re Pudgie's Dev. of NY, Inc.)*, 239 B.R. 688, 694-95 (S.D.N.Y. 1999). Because the estate's solvency is irrelevant to Code §365(d)(3), rent payments are also immune from disgorgement, giving them a "de facto priority over other administrative expenses." *In re Telesphere*

*Communications, Inc.*, 148 B.R. 525, 530-31 (Bankr. N.D. Ill. 1992). *See also In re Rare Coin Galleries of Am., Inc.*, 72 B.R. 415, 416-17 (D. Mass. 1987); *In re Brennick*, 178 B.R. 305, 307-08 (Bankr. D. Mass. 1995) (Queenan, C.J.).

12. The purpose of Code §365(d)(3) is to alleviate the unique disadvantage at which landlords previously found themselves under the Code:

> A . . . problem is that during the time the debtor has vacated space but has not yet decided whether to assume or reject the lease, the trustee has stopped making payments due under the lease. . . . In this situation, the landlord is forced to provide current services – the use of its property, utilities, security, and other services – without current payment. No other creditor is put in this position.

H.R. Conf. Rep. No. 98-882 (1984), *reprinted in* 1984 U.S.C.C.A.N. 576, 599 (statement of Sen. Hatch).

13. The Debtors used the Premises under the terms of the Master Lease and benefited from Huron's concessions embodied in the Agreed Order, but have failed to fulfill their duties under the terms of the Master Lease, the Agreed Order, and the Code. As a result of their actions, taxes, late fees, and attorneys' fees and costs have accrued and continue to accrue, to the detriment of Huron.

### Huron's Attorneys' Fees and Costs

14. Pursuant to Code §365(d)(3) and Section 22.02 of the Master Lease, Huron is entitled to recover its attorneys' fees and costs in connection with this matter from Debtors, including in connection with the pursuit of late-paid postpetition amounts. Because Huron will continue to incur attorneys' fees and costs in connection with this matter through the hearing on this Motion, Huron asks that the Court include in its Order granting this Motion a requirement that Debtors pay Huron's attorneys' fees and costs in connection with this matter within three (3) business days after submission of the total amount of the same to Debtors.

## Request for Off-Omnibus Hearing

15.     Huron respectfully requests that the Court hear this Motion on October 23, 2003, in connection with the hearing on confirmation of the Debtors' plan of reorganization. The issues raised herein – including the question of Debtors' good-faith compliance with orders of this Court and the extent of Debtors' administrative obligations and the sufficiency of Debtors' reserves therefor – are relevant to confirmation. Moreover, Huron has communicated repeatedly with Debtors regarding the Postpetition Claim; the representations and demands contained in this Motion – and the filing of the Motion itself – cannot, therefore, come as a surprise to Debtors, and they should not be permitted to delay Huron further. Finally, the amount owed for 2002 real estate taxes will increase after October 31, 2003, as more penalties and interest accrue. It is therefore in the interest of the Debtors' estates for this Motion to be heard and determined prior to the end of October 2003.

16.     Huron would further propose that objections be permitted to be filed prior to, or to be asserted orally at, the October 23 hearing.

[The remainder of this page left blank intentionally.]

WHEREFORE, Huron respectfully requests entry of an Order, in the form attached hereto: (A) granting Huron's request that this Motion be heard on October 23, 2003; (B) authorizing and requiring Debtors to immediately pay to Huron, in immediately available funds, all amounts owed by Debtors under the Master Lease, as described in this Motion; (C) requiring Debtors to pay Huron's attorneys' fees and costs within three (3) business days of submission of the total amount of the same to Debtors or their counsel; (D) continuing the Motion for status on the Debtors' compliance with their payment obligations to a date certain; and (E) granting Huron such other and further relief as this Court deems appropriate.

DATED: October 14, 2003

HURON VALLEY STEEL CORPORATION

By: _____
One of their Attorneys

Faye B. Feinstein (ARDC No. 06186627)
Christopher Combest (ARDC No. 06224701)
QUARLES & BRADY LLP
Citicorp Center
500 West Madison Street, Suite 3700
Chicago, Illinois 60661
(312) 715-5000

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | Case No. 02-08697 |
| ) | through 02-08738 |
| ) | (Jointly Administered)  02 B 8699 |
| NATIONAL STEEL CORPORATION ) | Chapter 11 |
| et al., ) | Hon. John H. Squires |
| ) | |
| Debtors. ) | |
| ) | |

## STIPULATION AND AGREED ORDER BY AND BETWEEN DEBTORS AND HURON VALLEY STEEL CORPORATION

On this 19th day of August 2003, for and in consideration of the mutual promises, covenants and agreements set forth herein, the parties set forth below hereby stipulate and agree (the "Stipulation") as follows:

WHEREAS, National Steel Corporation ("National Steel") and Huron Valley Steel Corporation, by its duly authorized agent, Trenton Commerce Park, Inc. ("Huron") are parties to that certain Lease, dated June 5, 1987, as subsequently amended on December, 14, 1990, February, 20, 1997, and May 19, 1997 for certain real property located at Trenton Commerce Park, Trenton, Michigan (the "Master Lease");

WHEREAS, on May 20, 2003, National Steel completed the sale of its principal steel making assets to United States Steel Corporation ("US Steel"), pursuant to that certain Asset Purchase Agreement, dated April 21, 2003 by and between National Steel and US Steel (the "APA");

WHEREAS, on May 20, 2003, National Steel and US Steel entered into that certain License (the "License"), pursuant to which National Steel granted US Steel access to the property covered by the Master Lease for purposes of, among other things, removing certain Acquired Assets (as such term is defined in the APA);

WHEREAS, on May 13, 2003, this Court entered that certain Order (I) Under 11 U.S.C. § 365 and Rule 6006 of the Federal Rules of Bankruptcy Procedure Rejecting Certain Executory Contracts and Unexpired Leases of Real Property, (II) Setting a Bar Date for Claims Resulting Therefrom, and (III) Shortening Notice to That Given (the "Rejection Order"); and

WHEREAS, the Master Lease was included, in error, among the unexpired leases of real property that were rejected, effective as of May 20, 2003, pursuant to the Rejection Order.

NOW THEREFORE, in consideration of the foregoing, the Debtors and Huron, by and through their undersigned counsel, hereby agree and stipulate as follows:

1. The effective date of rejection of the Master Lease shall be the later of (a) August 31, 2003, at which time National Steel shall return the premises covered by the Master Lease to Huron; and (b) the date on which National Steel returns possession of the premises covered by the Master Lease to Huron.

2. Huron shall have thirty (30) days following the effective date of rejection in which to file a proof of claim for damages resulting from the rejection of the Master Lease. The June 27, 2003 bar date that is included in the Rejection Order shall not apply to Huron.

3. Without modifying any rights the Debtors may have under the License against US Steel, the Debtors agree to satisfy all of their postpetition obligations under the

2

Master Lease through the effective date of rejection, including, without limitation, paying rent and other charges, including real estate taxes.

Dated as of August 19, 2003.

National Steel Corporation

By: _____
Its: Counsel

Huron Valley Steel Corporation

By: _____
Its: Counsel

SO ORDERED this 26 day of Sept, 2003

_____
United States Bankruptcy Judge

‑2 SEP 2003

398735-Chicago 52A

3